# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DONALD MARTIN,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:04cv00099 |
| | ) | **MEMORANDUM OPINION** |
| **JO ANNE B. BARNHART**, | ) | |
| Commissioner of Social Security, | ) | By: PAMELA MEADE SARGENT |
| Defendant | ) | United States Magistrate Judge |

In this social security case, I vacate the final decision of the Commissioner denying benefits and remand this case for further consideration.

*I. Background and Standard of Review*

Plaintiff, Donald Martin, filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying plaintiff's claim for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423 (West 2003). Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge upon transfer pursuant to the consent of the parties under 28 U.S.C. § 636(c)(1).

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning

-1-

mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Martin protectively filed his application for DIB on or about December 20, 2002, alleging disability as of November 15, 2002, based on back problems, anxiety and depression. (Record, ("R."), at 42-44, 54, 71.) The claim was denied initially and upon reconsideration. (R. at 30-34, 36, 37-39.) Martin then requested a hearing before an administrative law judge, ("ALJ"). (R. at 40.) The ALJ held a hearing on February 4, 2004, at which Martin was represented. (R. at 250-59.)

By decision dated April 28, 2004, the ALJ denied Martin's claim. (R. at 15-22.) The ALJ found that Martin met the disability insured status requirements of the Act for disability purposes through the date of the decision. (R. at 21.) The ALJ found that Martin had not engaged in substantial gainful activity since his alleged onset of disability. (R. at 21.) The ALJ also found that the medical evidence established that Martin suffered from severe impairments, namely a herniated disc, but he found that Martin did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21.) The ALJ found that Martin's allegations were not totally credible. (R. at 21.) The ALJ found that Martin retained the residual functional capacity to perform medium work.[1]

---

[1]Medium work involves lifting items weighing up to 50 pounds at a time with frequent lifting or carrying of items weighing up to 25 pounds. If someone can perform medium work, he

(R. at 21.) The ALJ further found that Martin could perform his past relevant work as a miner operator. (R. at 21.) Thus, the ALJ found that Martin was not disabled under the Act and was not eligible for DIB benefits. (R. at 21-22.) *See* 20 C.F.R. § 404.1520(f) (2005).

After the ALJ issued his decision, Martin pursued his administrative appeals, (R. at 11), but the Appeals Council denied his request for review. (R. at 5-8.) Martin then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2005). The case is before this court on Martin's motion for summary judgment filed April 8, 2005, and the Commissioner's motion for summary judgment filed June 1, 2005.

*II. Facts and Analysis*

Martin was born in 1959, (R. at 42), which classifies him as a "younger person" under 20 C.F.R. § 404.1563(c). He has a high school education and past work experience as a miner operator. (R. at 55, 59.)

Martin testified that he could no longer work because of the pain in his lower back and left leg. (R. at 255.) Martin further testified that he had back surgery in 1998. (R. at 255.) Martin said that he also suffered from anxiety and depression. (R. at 256.) A review of the hearing transcript shows that a vocational expert was not called.

---

also can perform sedentary and light work. *See* 20 C.F.R. § 404.1567(c) (2005).

In rendering his decision, the ALJ reviewed records from Highlands Neurosurgery; Castlewood Physical Therapy; The Laurels drug and alcohol rehabilitation; John Ludgate, Ph.D., a licensed clinical psychologist; Dr. Richard M. Surrusco, M.D., a state agency physician; Dr. Donald R. Williams, M.D., a state agency physician; Bristol Regional Medical Center; Howard Leizer, Ph.D., a state agency psychologist; Hugh Tenison, Ph.D., a state agency psychologist; Dr. Kevin Blackwell, D.O.; The Regional Rehab Center; Park Avenue Wellness; Norton Community Hospital; Dr. S.S. Tholpady, M.D.;and Stone Mountain Health Services.

The Commissioner uses a five-step process in evaluating DIB claims. *See* 20 C.F.R. § 404.1520 (2005); *see also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to his past relevant work; and 5) if not, whether he can perform other work. *See* 20 C.F.R. § 404.1520 (2005). If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 404.1520(a) (2005).

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in

the national economy. *See* 42 U.S.C.A. § 423(d)(2) (West 2003); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall*, 658 F.2d at 264-65; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

By decision dated April 28, 2004, the ALJ denied Martin's claim. (R. at 15-22.) The ALJ found that Martin met the disability insured status requirements of the Act for disability purposes through the date of the decision. (R. at 21.) The ALJ found that Martin had not engaged in substantial gainful activity since his alleged onset of disability. (R. at 21.) The ALJ also found that the medical evidence established that Martin suffered from severe impairments, namely a herniated disc, but he found that Martin did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21.) The ALJ found that Martin's allegations were not totally credible. (R. at 21.) The ALJ found that Martin retained the residual functional capacity to perform medium work. (R. at 21.) The ALJ further found that Martin could perform his past relevant work as a miner operator. (R. at 21.) Thus, the ALJ found that Martin was not disabled under the Act and was not eligible for DIB benefits. (R. at 21-22.) *See* 20 C.F.R. § 404.1520(f) (2005).

As stated above, the court's function in the case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. The court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently

-5-

Case 2:04-cv-00099-PMS   Document 18   Filed 08/24/05   Page 5 of 10   Pageid#: 102

explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Thus, it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays,* 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). Furthermore, while an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 404.1527(d), if he sufficiently explains his rationale and if the record supports his findings.

Martin argues that the ALJ erred by failing to find that he suffered from a severe mental impairment and in finding that he was capable of performing medium work. (Plaintiff's Motion For Summary Judgment And Memorandum Of Law, ("Plaintiff's Brief"), at 7-14.) Martin also argues that the ALJ erred by failing to giving controlling weight to the opinions of his treating physician and psychologist and in failing to call a vocational expert to testify regarding the effect of his nonexertional impairments on his ability to perform work-related activities. (Plaintiff's Brief at 14-24.)

Based on my review of the record, I find that substantial evidence does not support the ALJ's finding that Martin was capable of performing his past relevant work as a miner operator. The ALJ found that Martin was capable of performing

-6-

medium work and that his past relevant work as a miner operator did not require the performance of work-related activities precluded by this residual functional capacity. (R. at 21.) I can find no evidence contained in this record to support the ALJ's finding that Martin's past work as a miner operator was medium work. As stated above, the ALJ did not call a vocational expert to testify at Martin's hearing. The ALJ does not reference the Dictionary of Occupational Titles regarding the exertional demands of the job of miner operator. Instead the ALJ states only "[t]he evidence establishes that the claimant could return to this occupation as performed by the claimant." (R. at 20.) Martin did not, however, offer any testimony at this hearing regarding the physical requirements of his job. In fact, the only evidence contained in this record regarding the physical demands of Martin's past relevant work is the Disability Report, on which Martin stated that his work required him to lift items weighing up to 100 pounds. (R. at 56.) Therefore, I find that substantial evidence does not support this finding.

I also find that substantial evidence does not exist in this record to support the ALJ's finding that Martin did not suffer from a severe mental impairment. The regulations define a "nonsevere" impairment as an impairment or combination of impairments that does not significantly limit a claimant's ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2005). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding, carrying out and remembering job instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations and dealing with changes in a routine work setting. *See* 20 C.F.R. §

404.1521(b) (2005). The Fourth Circuit held in *Evans v. Heckler*, that "'"[a]n impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."'" 734 F.2d 1012, 1014 (4th Cir. 1984)) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (citations omitted).

Martin's treating physician, Dr. Ranjy C. Basa, M.D., diagnosed Martin with depression and anxiety and prescribed medication to address his symptoms. (R. at 241-42.) Dr. Basa has stated that as a result of anxiety and depression, Martin has a seriously limited ability to perform all occupational, performance and personal-social adjustment. (R. at 220-21.) Martin's treating psychologist, John W. Ludgate, Ph.D., a licensed clinical psychologist, diagnosed Martin with a mood disorder with anxiety and depression. (R. at 239-40.) As a result, Ludgate has stated that Martin has a seriously limited or no useful ability to perform all occupational, performance and personal-social adjustment other than to function independently. (R. at 236-38.) The record also reflects that Martin at one point was addicted to prescription narcotic pain medication and alcohol, which necessitated inpatient detoxification in September 2002 and again in November 2002. (R. at 124-39, 224, 226.)

The record does contain a Psychiatric Review Technique form, ("PRTF"), completed by Howard Leizer, Ph.D., a state agency psychologist, on March 26, 2003, and affirmed by Hugh Tenison, Ph.D., another state agency psychologist, on July 18, 2003. (R. at 158-73.) Oddly, this PRTF states that the assessment was from November

-8-

Case 2:04-cv-00099-PMS   Document 18   Filed 08/24/05   Page 8 of 10   Pageid#: 105

15, 2003, to the present. (R. at 158.) It goes without saying the a PRTF completed in March or July of 2003 could not assess Martin's condition as of November 15, 2003. Instead it appears that the assessment was intended to assess Martin's condition from November 15, 2002, the alleged date of disability. While this PRTF reflects that the assessors were aware that Martin had been diagnosed with depression and anxiety, the PRTF does not assess the seriousness of any of these symptoms. The PRTF also reflects that Martin was twice hospitalized with a psychiatric diagnosis. (R. at 172.) For these reasons, I find that this PRTF does not provide substantial evidence to support the ALJ's finding that Martin did not suffer from a severe mental impairment.

I also find that substantial evidence does not exist in this record to support the ALJ's finding that Martin was capable of performing medium work. The record reflects that every physician who examined or treated Martin and expressed an opinion as to his work-related abilities stated that he could not perform medium work. In 1998, Martin was diagnosed with a herniated disc and eventually underwent back surgery. (R. at 79-105.). His treating neurosurgeon, Dr. Travis Burt, M.D., stated that he reached maximum medical improvement in June 1998 and was permanently restricted from lifting items weighing more than 25 pounds. (R. at 88.) In 2003, Dr. Basa stated that Martin could lift items weighing up to only 10 pounds occasionally and up to five pounds frequently. (R. at 217.) Furthermore, the ALJ clearly rejected the state agency physicians' residual functional capacity assessment which found that Martin did not suffer from a severe physical impairment. (R. at 140-47.) That being the case, the record does not contain any evidence to support the ALJ's finding that Martin could perform medium work.

For all these reasons, I find that substantial evidence does not exist in the record to support the ALJ's finding that Martin was not disabled.

### III. Conclusion

For the foregoing reasons, Martin's and the Commissioner's motions for summary judgment will be denied, the Commissioner's decision to deny benefits will be vacated, and this case will be remanded to the Commissioner for further consideration.

An appropriate order will be entered.

DATED: This 24th day of August, 2005.

/s/ Pamela Meade Sargent
UNITED STATES MAGISTRATE JUDGE