# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DONALD MARTIN**, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:04cv00099** |
| | ) | |
| | ) | **OPINION** |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | **By: PAMELA MEADE SARGENT** |
| Defendant | ) | **United States Magistrate Judge** |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 21) ("the Motion"). Based on the reasoning set out below, the Motion will be denied.

Donald Martin filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2006). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered August 24, 2005, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner. (Docket Item No. 19.) Martin's attorney now has filed a petition seeking approval of a fee of $2,500 for representing Martin in this court. The Commissioner has responded that she does not object to the fee request. (Docket Item No. 22.) Based on my review of the Motion and the lack of attachments thereto, I find that the award of an attorney's fee on this record is inappropriate at this

time.

This matter involved the appeal of an unfavorable decision by the Commissioner on the plaintiff's DIB claim filed on or about November 9, 2004. As stated above, the court's decision remanding these claims to the Commissioner was entered on August 24, 2005. There is no Notice of Award for Martin's DIB benefits attached to the Motion as required by this court. That being the case, the court has no evidence before it that there has been an administrative award of benefits on the claim remanded by this court. Therefore, an award of a fee is not appropriate at this time. *See Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967) (court may award fee for work done before it on a DIB claim that was remanded, if, on remand, benefits are awarded on the claim). I further note that while counsel has filed an itemized statement of time spent before this court, this statement is not under oath as required by the court. I further note that the itemized statement presented shows that at least one-and-one-half of the time for which compensation is sought is for services rendered before the Administration on remand.

For the foregoing reasons, the Motion will be denied without prejudice to counsel filing another properly supported motion. An appropriate judgment will be entered.

        DATED: January 11, 2007.


        /s/  *Pamela Meade Sargent*
        UNITED STATES MAGISTRATE JUDGE